## Case No. 6,902.

### In re HUNTER.

[3 McLean, 297.] 1

Circuit Court, D. Ohio. Dec. Term, 1843.

BANKRUPTCY—APPLICATION—DEMAND FOR JURY TRIAL.

A demand for a trial by jury, where an application for the benefit of the bankrupt law [of 1841 (5 Stat. 440)], is dismissed, must be made at the term in which the decision is made.

[In the matter of Thomas Hunter, a bankrupt.]

---

1 [Reported by Hon. John McLean, Circuit Justice.]

OPINION OF THE COURT. This was an application for the benefit of the bankrupt law, to the district court. The application was dismissed. Twenty-nine days after this dismissal, the applicant demanded a jury. On the above demand the cause was heard and continued under advisement; and at the next term the question was certified by the district court to this court, "whether a trial by jury can be allowed to the applicant aforesaid on his demand by attorney, twenty-nine days after the refusal and record thereof, of his discharge as aforesaid." In the fourth section of the bankrupt law, it is provided, that "if, upon such hearing. a discharge shall not be decreed to him, the bankrupt may demand a trial by jury upon a proper issue to be directed by the court; or he may appeal from that decision, at any time within ten days' thereafter, to the circuit court," &c. After the expiration of ten days, an appeal is not allowed; and it would seem to be reasonable that a demand for a trial by jury should be made, at the term in which the decision is made against the application. An appeal is made by entering in the district court, or with the clerk thereof, upon record, the prayer for an appeal. Now when the petition is dismissed there is a final determination of the cause, and after the adjournment of the court, no means are provided by which the cause can be reinstated and opened for a jury trial. As well might it be argued that an appeal could be taken after the lapse of the ten days allowed, as that a jury trial could be demanded after the adjournment of the court. It is true, there is no express limitation to this application, as there is to an appeal. But there is a necessary limitation to the term at which the decision of the court was entered. This decision may be certified to the district court.